JS-6

1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   STEVEN R. WELK
4  California Bar No. 149883
   Assistant United States Attorney
5  Chief, Asset Forfeiture Section
   JONATHAN GALATZAN
6  California Bar No. 190414
   Asset Forfeiture Section
7     Federal Courthouse, 14th Floor
      312 North Spring Street
8     Los Angeles, California 90012
      Telephone:  (213) 894-2727
9     Facsimile:  (213) 894-7177
      E-mail: Jonathan.Galatzan@usdoj.gov
10
   Attorneys for Plaintiff
11 United States of America

12

13            UNITED STATES DISTRICT COURT

14        FOR THE CENTRAL DISTRICT OF CALIFORNIA

15                  WESTERN DIVISION

16  UNITED STATES OF AMERICA,   )    NO.  CV 12-7100 GAF (AJWx)
                                )
17                 Plaintiff,   )
                                )
18            v.                )    **CONSENT JUDGMENT OF**
                                )    **FORFEITURE**
19  $20,972.00 IN U.S. CURRENCY,)
                                )
20                 Defendant.   )
                                )
21  _____ )

22

23       Plaintiff and potential Claimant Joel Navarro Sandoval

24  ("Claimant") have made a stipulated request for the entry of this

25  Consent Judgment, resolving this action in its entirety.  The

26  defendant currency was seized from Claimant, and he asserts an

27  interest in the defendant currency, but has not filed a claim in

28  this case or answered the complaint.  However, Claimant would

1  have filed a claim and answer in this case absent this
2  settlement.  No other claims or answers were filed, and the time
3  for filing claims and answers has expired.  No other person is
4  believed to have any claim to the defendant currency.

5      The Court, having considered the stipulation of the parties,
6  and good cause appearing therefor, **HEREBY ORDERS ADJUDGES AND**
7  **DECREES**:

8      1.   The government has given and published notice of this
9  action as required by law, including Rule G of the Supplemental
10 Rules for Admiralty or Maritime Claims and Asset Forfeiture
11 Actions, Federal Rules of Civil Procedure, and the Local Rules of
12 this Court.  No claims or answers have been filed to contest the
13 forfeiture of the defendant currency, and the time for filing
14 claims and answers has expired.  This Court has jurisdiction over
15 the parties to this judgment and the defendant currency.  Any
16 potential claimants to the defendant currency other than Claimant
17 are deemed to have admitted the allegations of the complaint with
18 respect to the defendant currency.

19     2.   $6,982.00 of the defendant U.S. Currency, without
20 interest, shall be returned to Claimant through his counsel.  The
21 United States Marshals Service shall return the defendant
22 $6,982.00 to claimant not later than 45 days after (a) the court
23 enters this Consent Judgment and (b) Claimant provides to the
24 government the bank routing and personal identifiers needed to
25 effect a wire transfer of the funds, whichever is later.

26     3.   The government shall have judgment against the interests
27 of Claimant (and any potential claimants) as to the remaining

28                                2

$13,990.00 of the defendant U.S. currency, which asset is hereby forfeited and condemned to the United States, and no other right, title or interest shall exist therein.   The government shall dispose of the forfeited asset according to law.

4.   Claimant has agreed to release the United States of America, its agencies, agents, and officers, including employees and agents of the Drug Enforcement Administration ("DEA"), as well as all agents, officers, employees and representatives of any state or local government or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions or liabilities arising out of or related to the seizure and retention of the defendant currency and/or the commencement of this civil forfeiture action, including, without limitation, any claim for attorneys' fees, costs or interest which may be asserted on behalf of Claimant against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise.

5.   The court finds that there was reasonable cause for the seizure of the defendant currency and the institution of this action as to the defendant currency.   This judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465 as to the defendant currency.

///

///

///

3

6.   Each of the parties shall bear its own fees and costs in connection with the seizure, retention and return of the defendant currency.

DATED: December 5, 2012

_____
THE HONORABLE GARY A. FEESS
UNITED STATES DISTRICT JUDGE

Prepared by:

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/ Jonathan Galatzan
JONATHAN GALATZAN
Assistant United States Attorney
Asset Forfeiture Section

4